## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. LA GUE et al.*

No. 5856.

Circuit Court of Appeals, Ninth Circuit.

May 19, 1930.

Butler, Van Dyke, Desmond & Harris, of Sacramento, Cal., and E. P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George McCutchen, both of Sacramento, Cal., and Otis D. Babcock, of Sacramento, Cal., for appellees.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge.

There is no question of the statute of limitations and plaintiffs (appellees) make no claim on account of improvements. In most other respects the case is not substantially unlike that of Sacramento Suburban Fruit Lands Co. v. Tatham (C. C. A.) 40 F.(2d) 894, this day decided.

In Iowa, where they were then residing, plaintiffs, on March 30, 1926, contracted to buy from defendant ten acres of the Rio Linda tract at $400 per acre. They allege that they were induced so to do by false representations touching the value of the land and its availability for fruit raising, and that if as represented in the latter respect it would have been worth that price, but that, in fact, it is unsuitable for the growing of fruit, and hence was worth not to exceed $50 per acre. While not so generous as in the Wagner Case (C. C. A.) 40 F.(2d) 899, this day decided, the jury returned a verdict for $300 in excess of the amount prayed for, and in harmony therewith judgment was entered for $2,500.

Upon the same record as that considered in the Tatham Case, defendant sought to disqualify the District Judge for personal bias, but, in view of our holding in that case, this assignment need not be discussed.

Three specifications of error involve rulings respecting the introduction of testimony and the other three, instructions given or refused.

It seems that at the time of the original transaction defendant was using a form of application to purchase, to be executed by the purchaser, containing this provision:

"The purchase is made solely upon the representations made in the literature furnished by said company, and not upon representations made by any individual." Such an application plaintiffs signed. The plaintiff, L. L. La Gue, while testifying upon his own behalf, was permitted without objection of defendant to relate oral conversations he had had with defendant's agents prior to the execution of this instrument though it was put in evidence while he was on the stand. His wife, the other plaintiff, followed him, and before she was asked any questions touching oral conversations or representations, upon leave first obtained counsel for defendant asked her whether she signed the exhibit, and, upon receiving an affirmative answer, objected to "any testimony as to representations other than the literature on the ground that the application * * * precludes any such representation." The objection being overruled, the defendant excepted and now specifies the ruling as error. Apparently the decided cases are at variance upon the validity and effect of such a provision but we do not deem it necessary here to discuss that general question. Assuming defendant's position to be correct, it is not thought that the testimony elicited from the witness was prejudicial. It was not only substantially the same as that of her husband, given without objection, but, with the exception of the representation that the land was of the value of $400 per acre— a point not covered by the printed matter, it was substantially in harmony with the literature furnished plaintiffs by the defendant. And for the reasons explained in the Tatham Case, the alleged representation touching value was without importance.

Upon being recalled as a witness in his own behalf, L. L. La Gue was permitted to testify touching a conversation he had with defendant's field man "the day we went out to look at the land." Defendant's only objection was the general one of immateriality, irrelevancy, and incompetency, and that the time referred to was "subsequent to the contract." Just what time is referred to is not clearly disclosed, and we cannot say whether or not the objection was well founded in that respect. But however that may be, the testimony given was of no importance and was clearly not prejudicial.

In testifying as to value, we are inclined to think the witness Kerr, called by the plaintiffs, employed an improper and inadequate standard, but, considering the specific ground upon which defendant's motion to strike out the testimony as a whole was based, we can-

not say that its denial constituted error. The fact that the witness did not have direct knowledge of the land or of the enterprise at the time of the sale affects the weight rather than the competency of his testimony. Montana Railway Co. v. Warren, 137 U. S. 348, 11 S. Ct. 96, 34 L. Ed. 681.

There was no exception or assignment to support the specification that on the whole the instructions were prejudicially argumentative, and touching defendant's refused requests Nos. 10 and 11, on the subject of "dealer's talk" and mere expressions of opinion,- it is found that the requests are identical with defendant's requests Nos. 11 and 12, considered in the Tatham Case, and the comment there made is equally applicable here.

Defendant excepted to instructions given to the effect that it had represented in its literature that the land was "well adapted to the growth of deciduous fruits, commercially." In advising the jury upon that subject the court defined the issue as being whether defendant had represented that the land was "well adapted to commercial orcharding," and if such was the representation, was it true? Then, following a discussion of certain general principles, the court said: "What are the representations plaintiffs allege were made? First, that the land was well adapted to commercial orcharding. You all know what that means, that is to say, adapted to commercial orcharding of the deciduous fruits that will grow in this latitude. It must be land that, in quality and in condition, will so far grow a commercial orchard that during the years that an orchard ought to live it will finally return a profit on the investment on reasonable crops and under reasonable, normal prices. Plaintiffs allege that that representation was made to them. Then you have the literature that the company put out, first, in its book."

In other places in the elaborate charge, comments and references were made tending to accentuate this view.

In Sacramento Suburban Fruit Lands Co. v. Haenggi (C. C. A.) 36 F.(2d) 923, we held instructions of the same import erroneous, and the pertinent parts of the records in the two cases are substantially identical. There is no averment in terms that defendant represented the land suitable for "commercial orcharding," nor is there any evidence of such representations. We are not to be understood as holding that it would be prejudicial to use this phrase as a brief characterization of the representations which it is alleged were made and as distinguishing or-

charding for the market from the growing of fruit on a small scale merely for family use. See Sacramento Suburban F. L. Co. v. Nelson (C. C. A.) 36 F.(2d) 929. In that sense the terms would be innocuous though not found in the averments or the proofs. But for the court to use them and then define them as they were here defined was erroneous and prejudicial for the reasons explained in the Nelson and Haenggi Cases.

Reversed, with instructions to grant a new trial.