## BRILL v. MUSHINSKY.
### No. 10855.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 27, 1951.

Decided Jan. 10, 1952.

Mark P. Friedlander, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment in a civil action brought in the District Court for damages for breach of a contract to sell real estate or, in the alternative, for specific performance. Leon Brill, whose administratrix is appellant here, was the plaintiff. At the conclusion of the plaintiff's case, the court directed a verdict on behalf of the defendant, upon the ground that in the opinion of the court there was no meeting of the minds of the parties and no completed contract. This we think was error.

Mushinsky owned the property. He employed a real estate broker named Deckelbaum to sell it. Brill executed a printed form of a contract to purchase the property, inserting a price of $25,000, and making a deposit of $1,000 as part payment. Mushinsky wrote on the bottom of the con-

tract, "I agree to accept $27,000.00," and signed his name under that statement. Deckelbaum returned the document to Brill. Brill changed the purchase price in the contract from $25,000 to $27,000 and initialed the changes. Deckelbaum took the document back to Mushinsky. At that point a dispute arose between Mushinsky and Deckelbaum as to payment of the broker's commission, the amount of which had been left blank in the executed document. Mushinsky then took the contract and tore off the bottom part of it, which contained his signature.

It seems to us that, when the vendor and the vendee both attached their signatures to the contract containing the price of $27,000, there was a completed contract.

Appellee Mushinsky also urges that the instrument executed by the parties did not state who was to pay the broker's commission or at what rate it was to be paid, and that, therefore, there was no contract. The document which is in the record before us contains this provision: "The seller agrees to pay to ........ his agent, a commission amounting to $............, and the Title Company, or the Real Estate Office, through which settlement is made is hereby authorized and directed to make deduction of the aforesaid commission from the proceeds of the sale and to make payment thereof to the said agent." We think that sentence is a clear provision that the broker was the agent of Mushinsky and that Mushinsky was to pay his commission. An agreement between Mushinsky and his agent as to the amount of the commission was not a necessary element in the agreement between Mushinsky and Brill for the sale of the property at $27,000.

■ Appellee says that the minds of the parties did not meet, because the contract provided that the property must meet the requirements of the Fire Department, and that the amount of money which would be required to put the property into that condition was not determined. The docu-ment in the record contained the provision, "It is also understood that this property complies with all fire regulations." We think this a clear provision that Mushinsky was obligated to put the property in such shape as to meet the fire regulations. The fact that he did not know at the time what the cost of compliance with this provision would be was not a fatal defect in the agreement between him and Brill for the sale of the property at the stated price.

■■ Upon the trial Brill presented two witnesses as experts to testify as to the fair market value of the property. Having qualified the first witness as an expert, counsel asked him whether he had made "an appraisement" of the property, to which the witness replied, "Yes, sir." Counsel then asked what in the witness's opinion was the fair market value on or about the date of the transaction here in question. Opposing counsel objected, on the ground that there was no showing that the witness had inspected the property. Counsel for Brill then asked the witness to state in detail what he did in preparing the appraisal. The witness stated that he was familiar with the neighborhood; that he had before him the monthly income from the building; that he inspected the first floor hall and the basement; that he had the rent schedule for the year preceding the transaction; that he had seen the property in 1948, the year of the transaction; and that there was no substantial change between that time and the time of the trial. Counsel for Brill then repeated the question as to the opinion of the witness on fair market value. The court sustained an objection, saying, "You haven't qualified this witness." We think that ruling was error. It is not necessary that an expert witness show that he has inspected the property at the date as of which evaluation is to be made, in order to qualify him to express an opinion.[1] More frequently than not, an appraisal contemporaneous with the valuation date cannot be had, and retrospective ap-

---

1. Sacramento Suburban Fruit Lands Co. v. La Gue, 9 Cir. 1930, 40 F.2d 897; United States v. 2,877.37 Acres of L. in Harris County, Tex., D.C.S.D.Tex.1943, 52 F.Supp. 696.

praisals are of necessity admitted.[2] The weight to be given the opinion of the witness was a matter for the argument of counsel and the determination of the jury, but clearly, we think, the witness was qualified to express an opinion.

Brill also presented another expert witness, who was asked as to value and who related much the same qualifications and the same acquaintance with the building, and an objection to his stating the fair market value was sustained. We think that ruling was also error.

The judgment of the District Court must be reversed.

Reversed and remanded for a new trial.

2. See discussion in 10A Mertens, Federal Income Taxation § 59.07 (Rev.Ed.1948).