**ELEVATED CONCRETE Inc., a Corporation, Appellant,**

v.

**Vic D. ZEVE, The United States Fidelity & Guaranty Co., a Corporation, Appellees.**

No. 12334.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 25, 1955.

Decided March 3, 1955.

Mr. Leonard B. Sussholz, Washington, D. C., with whom Messrs. Jacob N. Halper and Marvin P. Sadur, Washington, D. C., were on the brief, for appellant.

Mr. Joseph C. Turco, Washington, D. C., for appellees.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

In a suit by a seller of real estate to recover from the broker and the latter's surety the amount of a deposit the broker had refunded to the purchaser, the question is whether the court below erred in directing a verdict for the defendants on the ground that the refund was warranted by the seller's inability to tender to the purchaser the type of conveyance the court thought was required by the contract of sale.

Appellant, Elevated Concrete Inc., contracted to sell certain Maryland land to a purchaser, Rosenkoff, initially undisclosed as the principal, for the contract was signed by a straw-man purchaser, Rosenthal. Appellee Zeve was the broker and agent in the transaction and had secured the purchaser. Appellee United States Fidelity & Guaranty Co. is statutory surety of the broker under § 45-1405, D.C.Code 1951. Appellant sued the broker for the $5,000 deposit which the purchaser had left with him and sought judgment also against the surety as jointly liable to the extent of $2,500, the principal of its bond.

At the time and place fixed for settlement the purchaser, acting through the agent, refused to complete the purchase, contending that the deed appellant could give did not describe the land as required by the contract, that is, as lots surveyed and staked out on the ground. Appellant's position, on the other hand, was and is that the contract called for no such description and that he was prepared to convey in conformity with its terms. When the purchaser persisted in refusing to close the sale appellant demanded of the agent the $5,000 deposit, forfeitable at its option on default by the purchaser. The agent, however, returned the deposit to Rosenkoff.

On the trial before court and jury at the conclusion of all the evidence the court directed a verdict for appellees and thereafter denied appellant's motion for judgment non obstante veredicto or for a new trial. In an opinion accompanying the court's action on the motion it is stated, rightly we think, that the sole issue is whether appellant was able to tender performance in accordance with the terms of the contract. The conclusion that it was not able to do so rested upon the court's view that the undisputed evidence showed appellant could not deliver plotted or staked out lots as distinct from mere acreage.* The question, therefore, is whether the contract called for a conveyance in terms of plotted or staked out lots.

The land is referred to in the space provided in the printed form for its description as "No. 1. See Reverse". On the reverse side No. 1 is typed in the following language:

"No. 1. Plat attached & known as S. E. corner of Livingston Rd. & Indian Head Rd. containing 181+ acres—known as Hart Park & *tentatively* [interlineated] approved by Park and Planning Commission &

Suburban Sanitary Commission as Alpine Village."

The plat referred to is physically attached. It bears the legend "Proposed Alpine Village (Hart Park)" and delineates numerous numbered blocks and lots, with designated streets and courts, all within platted exterior boundaries.

The purchase price is stated to be $225,000 of which $75,000 is to be paid in cash. The purchaser is to give a first deed of trust for the balance "with release clause of Four Hundred ($400.00) Dollars per lot—all due in five years with a minimum of 20 Lots per release. No. 2. & No. 3. See reverse." No. 2 and No. 3 are typed on the reverse side as follows:

"No. 2. All Lots in Blocks 4–5–6–7–16–17–18–19 to be delivered at time of settlement free of encumbrances above totaling 151 Lots also the Lot for the pumping station as shown by attached plat.

"No. 2[3]. Holder of the mortgage agrees to accept dedication of streets & approve subdivision as per plat attached & any changes required to conform with Park & Planning or Suburban Sanitary Commission."

The court construed these provisions to require the lots in the blocks enumerated on the plat to be staked out so as to be capable of legal description in that fashion. It held that the use of the term "Lots" in clause No. 2, supra, meant land "staked out and * * * capable of legal description as lots." It pointed to the importance of this in making it possible for certain lots to be free of encumbrance as required by clause No. 2.

We are unable to agree with this construction of the agreement. There is nothing in the language of the sales contract about staking out the lots or describing them otherwise than as they

---

* While the expression "acreage" was used by the District Court, more data was available for describing the land than this word might indicate. The court's reference to plotted or staked out lots was a more precise means of expressing the court's interpretation of the contract.

appear on the plat physically incorporated in the contract. The land is described by reference to this plat and to the typed clauses which in turn refer to the same plat. Had the parties intended any other description as a condition to consummation of the sale it should have been indicated. The evidence is undisputed that to survey and stake out individually the numerous lots shown on the plat would entail the expenditure of a very substantial sum of money. If appellant was to bear this expense it should have known so before agreeing to sell at the price fixed by the contract. It is true the purchaser is required to give back a deed of trust leaving free of encumbrance the lots referred to in clause No. 2 "as shown by attached plat". But a trust deed executed by the purchaser following the descriptions available from the plat and from the clauses typed on the contract would comply with this requirement, and could not validly have been rejected by appellant. The later sale of particular lots might necessitate their survey in order to obtain their release from the deed of trust, but a reasonable construction of the present contract does not require appellant to incur now an expense properly attributable to the future development of the land by the purchaser. To hold otherwise we think would be to remodel the contract. We add that there is no suggestion that a deed describing the land in the terms of the contract would be so vague as to be invalid.

■■ Since the case turns upon refusal of the purchaser to perform because of inability of appellant to describe the lots as having been staked out on the ground, which we think it was not required to do, appellant was within its rights in declaring the deposit forfeited. Therefore, its motion for judgment non obstante veredicto should have been granted in the sum of $2,500, the amount forfeitable to appellant upon the purchaser's default.

■ Appellant's claim to the other half of the deposit, which the contract provided should go to the agent in event of such forfeiture, must be rejected. Appellant says the broker was its agent alone by virtue of the clause providing, "The seller agrees to pay to Vic D. Zeve, his agent, a commission amounting to $11,250 * * *" citing Brill v. Mushinsky, 90 U.S.App.D.C. 132, 194 F.2d 158, and, further, that he breached his fiduciary duty to appellant. Reliance upon the Brill case, however, ignores the distinguishing fact which is critical to the present case, that appellant itself, in declaring the forfeiture, accepted the broker as acting for the purchaser in refusing to close the sale. Appellant may not in the same breath assert that this action of the broker which it knowingly relied upon as that of the purchaser constituted also a breach of duty to itself. Furthermore, while the terms of the contract provided that in event of forfeiture of the deposit the seller would allow the agent one-half of its amount as compensation for services to the seller the broker did not retain this half but refunded the whole deposit to Rosenkoff. The evidence would not support a finding that he did this because of unfaithfulness to appellant rather than because of a mistake in interpreting the contract.

Affirmed in part, reversed in part, and remanded for entry of judgment in accordance with this opinion.