Eugene L. GOODRIDGE, Appellant,

v.

Ernest E. McCLOUD and Gertrude P. McCloud, Appellees.

No. 1861.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 1, 1956.

Decided Nov. 13, 1956.

John B. Letterman, Washington, for appellant.

William S. Thompson, Washington, D. C., for appellees. Verginald L. Dolphin, Washington, D. C., also entered an appearance for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff-appellant purchased a small apartment house from defendants. He subsequently discovered the unsafe condition of the fire escape and brought suit for breach of warranty, based on the following provision of the sales contract:

"Owner warrants that the property and its uses, in all respects, is in accordance with all existing laws, regulations and orders of the District of Columbia, said warranty to survive the delivery of the deed hereunder."

Trial by the court resulted in a finding and judgment for defendants.

The sales contract was dated November 29, 1955, and settlement was effected December 30. On March 14, 1956, plaintiff was served with a notice of violation by

the Fire Department. He then demanded that defendants make the necessary repairs to the fire escape but they refused. At trial considerable testimony was offered as to the condition of the fire escape as of March 14, 1956, and it was undisputed that it was unsafe as of that date.

While several errors are assigned, we reach only one: the refusal of the trial court to permit a fire inspector, qualified as an expert and called by plaintiff, who had testified that he had examined the fire escape in March 1956, to answer the following question:

> "Assuming that the condition that you found on the date of your personal inspection of the fire escape at 1707 S Street, N. W., Washington, D. C., was substantially the same on November 29, 1955, would that condition of the fire escape as it existed have been a violation of Article II, Section 30 of the Police Regulations of the District of Columbia?"

There was evidence which would support the assumption in the question and we think the trial judge's refusal to permit the witness to answer was error.

To prove a breach of warranty it was essential that plaintiff not only prove the unsafe condition of the fire escape at the time of sale but also to prove that because of the unsafe condition it violated some official regulation or order. If plaintiff was able to prove this, then defendants were obligated to reimburse him for the cost of compliance. Plaintiff's offer of opinion testimony on this point was material and relevant and should have been accepted. The fact that the expert had not examined the fire escape in November 1955 merely affected the weight rather than the competency of his testimony.[1] Inasmuch as the witness's answer was excluded by the trial court, plaintiff was deprived of his right to fully present his case.

Since the case is being reversed, we also note that prior to the taking of testimony a motion was made by plaintiff to increase the ad damnum clause of the complaint. This was denied. When this case is retried if such motion is again made, it should be granted.[2]

Reversed and remanded for a new trial.

---

1. Brill v. Mushinsky, 90 U.S.App.D.C. 132, 194 F.2d 158.

2. Municipal Court Civil Rule 15(a).