Fred I. SIMON, Appellant,

v.

Elmer R. ROBINSON, t/a E. Robinson Co., and Robinson and Werth, a partnership, Appellees.

No. 2020.

Municipal Court of Appeals for the District of Columbia.

Argued July 15, 1957.

Decided Nov. 5, 1957.

Rehearing Denied Nov. 20, 1957.

5. Huff v. Kraft, D.C.Mun.App., 63 A.2d 667. See also Municipal Court Rule 39, Section C (c).

Fred I. Simon, pro se.

Edward L. Foster, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

From a judgment denying recovery for breach of contract and the return of money· paid under a contract for the construction of a private dwelling, plaintiff Simon appeals. The agreement between the parties provided that Simon was to furnish blueprints and specifications approved by the Veterans Administration, and deposit $435 with the defendant builder upon execution and delivery of the contract. The sum was paid and excavation work preparatory to the construction of the house commenced.

Before actual building had begun, a dispute arose between the parties as to the proper location of the dwelling on the lot. The substance of the controversy may be simply stated: The defendant builder offered evidence to the effect that the plaintiff had furnished him with an incorrect plot plan. Upon discovery of the error, repeated demands were made for a correct plan on which to proceed. Plaintiff introduced counter-evidence tending to show that he had supplied the defendant builder with a correct plot plan initially, but that the excavation was accomplished in conformity with a different and unapproved plan. A difference of approximately two feet in the set-back distinguished the two plans. Construction progress ceased and this action followed, each party claiming that the other breached the contract.

In the action as originally instituted, Robinson and a partnership were joined as defendants. The complaint was dismissed as to the latter and the remaining defendant counterclaimed for loss of profits. Judgment was rendered against him and no appeal was taken.

The substance of this appeal involves essentially factual issues. Our review of such issues is limited to determining

whether there is substantial evidence to support the findings. We think the evidence is ample and are therefore not at liberty to disturb the trial court's decision, which attributed the breach to the plaintiff.

 Numerous errors are assigned relating to procedural matters, among them the trial court's refusal to permit an amendment of the complaint and the denial of plaintiff's motion for new trial. Unquestionably, Rule 15(a) of the Municipal Court Civil Rules permits broad latitude in the amendment of pleadings at any stage of the case. However, whether or not leave to amend should be granted is a matter addressed to the sound discretion of the trial court, and in the absence of abuse of this discretion the matter is not reviewable on appeal. Plummer v. Johnson, D.C.Mun. App., 35 A.2d 647. In this instance the amendment did little more than seek increased damages, and it was offered some five months after both defendant's answer and plaintiff's responsive pleading to the counterclaim were filed. No reasonable explanation is offered for the delay in seeking the amendment. Much the same may be said of the ruling on the motion for new trial. The decision on this motion again lies within the province of the trial court's discretion. Safeway Stores v. Gibson, D.C. Mun.App., 118 A.2d 386, affirmed 99 U.S. App.D.C. 111, 237 F.2d 592. We find no abuse of discretion on either ruling.

 Further error is assigned in that plaintiff's motion for the production of certain documents was denied. Orders under Rule 34 will not be set aside on appeal unless the action of the trial court was improvident or affected the substantial rights of the party.[1] The circumstances here do not warrant a result different from that of the trial court.

 Finally, plaintiff urges that he was denied the right to trial by jury. No demand was made for jury trial when the original complaint was filed November 28, 1955. Such a demand was made on May 28, 1956, at the time the plaintiff filed an amended complaint without leave of court; a motion to strike this complaint was granted. It should be noted that this demand, even if otherwise effective, was not filed until five months after defendant's answer and plaintiff's responsive pleading to the counterclaim—in other words, five months after the cause was at issue. Municipal Court Civil Rule 38(a) requires that a demand for jury trial

"* * * shall be filed not later than 5 days after the cause is at issue, and it shall be deemed at issue upon the failure to plead within 5 days after the filing of the last pleading directed to such issue. * * *"

Under Rule 38(b) a failure to meet the requirements of Rule 38(a) constitutes a waiver of trial by jury. Since the demand was not seasonably made, the trial court was not in error in denying it.

In view of the fact that the contested matters appealed from involve factual issues and rulings of a discretionary nature, we have carefully reviewed the record in this case. Other errors have been brought to our attention and are considered to be without merit. Having found no errors which would work to the prejudice of the plaintiff or affect substantial rights, the judgment of the trial court is

Affirmed.

1. Sher v. De Haven, 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, certiorari denied 345 U.S. 936, 73 S.Ct. 797, 97 L. Ed. 1363; Carter v. Baltimore & O. R. Co., 80 U.S.App.D.C. 257, 152 F.2d 129.