**Augusto VASAIO, t/a Ristorante Italiano, Appellant,**

**v.**

**Anthony CAMPITELLI, Appellee.**

**No. 3919.**

District of Columbia Court of Appeals.

Argued June 27, 1966.

Decided Sept. 20, 1966.

Ralph F. Berlow, Washington, D. C., with whom DeLancey W. Davis, Washington, D. C., was on the brief, for appellant.

Stanley B. Frosh, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

This is an appeal from a judgment for $6,500, entered after a jury verdict in favor of appellee, for architectural services rendered and out-of-pocket expenses incurred pursuant to an oral agreement regarding a proposed addition to appellant's restaurant.

Appellee's complaint, originally filed in the United States District Court for the District of Columbia, stated that the services and expenses were "reasonably worth" $5,-079.31. After pretrial in that court, the action was certified to the District of Colum-bia Court of General Sessions,[1] which adopted the pretrial order and statements of the District Court, including appellee's prayer for $5,079.31. When the case came to trial, counsel for appellee requested the court to allow an increase in the *ad damnum* clause of the complaint to claim damages of $7,500. Appellant admitted he had been notified of the proposed increase some three weeks before trial. The trial court, finding adequate notice and no prejudice to appellant, allowed the increase. Over appellant's objection, the trial court ruled admissible the testimony of an expert witness (another architect who corroborated appellee's estimate of the value of his services) and letters from various contractors to appellee giving bids and estimates on the proposed addition.

Appellant alleges that to allow the increase in the *ad damnum* clause constituted error because to do so was in violation of the pretrial statements and an abuse of discretion. Rule 15 of the Court of General Sessions—identical to Rule 15 of the Federal Rules of Civil Procedure—gives "the trial court wide discretion in the allowance of amendments both before and during trial." Peäke v. Ramsey, D.C.Mun.App., 43 A.2d 763, 764 (1945). In the absence of manifest error, amounting to an abuse of that discretion, the decision of the trial court to grant or deny such motion is not reviewable on appeal. Simon v. Robinson, D.C.Mun.App., 135 A.2d 652 (1957); Goodridge v. Mc-Cloud, D.C.Mun.App., 126 A.2d 626 (1956); Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647 (1944). To demonstrate an abuse of discretion, appellant must show not only that the allowance was in error, but that he was seriously prejudiced thereby. This prejudice can only be shown by "some harm which the opposing party will suffer from the amendment which he would not have suffered had the original pleading followed the form sought by the amendment." Barron & Holtzoff Federal Practice and Procedure, 1A, § 442. Prejudice of a nature demanding denial of amendment is not shown

1. D.C.Code § 11–962 (Supp. V, 1966).

by the possibility of a larger verdict; it cannot flow "from proper exposure to the damages proved." Varveris v. United States Lines Co., 141 F.Supp. 874, 875 (S.D. N.Y.1956).

■ Appellant also attempts to demonstrate prejudice by his reliance on the amount mentioned in the pretrial statement —a sum submitted as a bill "on account" some five years before trial. Whether appellee claimed this amount or a greater amount as the reasonable worth of his services did not change a single issue in the case. Appellant had over two years to ascertain, by means of appropriate discovery procedure, the bases for appellee's claim. No prejudice can be said to exist under such circumstances. Goldenberg v. World Wide Shippers & Movers of Chicago, Inc., 236 F. 2d 198, 200 (7th Cir.1956).

■ Appellant also alleges as error the use of an expert "in contravention of the pre-trial order." The stipulations of the parties at pretrial provided that " * * * if they learn of any additional witnesses prior to trial they will exchange the names and addresses promptly." Three weeks before trial appellee informed appellant that an expert witness would be used to substantiate appellee's claim for the value of his services. Appellant could have deposed the witness or moved for a continuance to properly meet this new evidence. Appellant's counsel stated:

I was under the impression that this motion [to allow the increase in the ad dam-

num and for the expert witness] would be denied. I did not know whether it would be granted or not. If it was denied then there would not be any point in my taking the deposition.

This statement, coupled with the offer of the trial court to allow appellant a rebuttal witness, clearly demonstrates that any prejudice arising out of the introduction of expert testimony by appellant flows not from breach of the pretrial order but from appellant's choice of trial tactics.

■ Appellant finally contends that the letters from contractors to appellee were hearsay and as such should not have been admitted into evidence. Had they been admitted to establish the truth of the matter contained therein, the objection on the basis of hearsay should have been sustained; however, evidence which may be inadmissible for one purpose may be properly received for another. Wigmore, Evidence § 13; 88 Corpus Juris Secundum, Trial § 86. Cf. Corts v. District of Columbia, 7 Mackey (18 D.C.) 277, 290 (1889). The letters were specifically introduced here for the purpose of corroborating appellee's testimony that he had sought and secured estimates and bids from various contractors and tradesmen pursuant to his duties as architect. For this purpose they are clearly admissible.

Other alleged errors have been considered and found to be insubstantial. The judgment below, therefore, is

Affirmed.