**William SADDLER and Constance M.
Saddler, Appellants,**

v.

**SAFEWAY STORES, INC., Appellee.**

No. 4012.

District of Columbia Court of Appeals.

Submitted Jan. 23, 1967.

Decided March 20, 1967.

King David, Washington, D. C., for appellants.

Jeremiah C. Collins, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Associate Judge.

Appellants sued in the United States District Court seeking $10,000 for personal injuries and $5,000 for loss of consortium allegedly resulting from appellee's negligence. After pretrial proceedings, the case was certified to the Court of General Sessions for trial.[1] Prior to and during the trial, appellants moved to amend their pleading by increasing the ad damnum clause to $125,000. These motions were denied, and judgment was subsequently entered upon a jury verdict awarding $7,200 to appellant-wife

---

1. Suit was filed in April 1962, at which time the jurisdictional limit of the Court of General Sessions was $3,000. This limit was increased to $10,000 in October 1962. The case was certified in November 1964

under a Code provision permitting such certification when the district judge is satisfied that the action will not justify a judgment in excess of $10,000. D.C.Code § 11-962 (Supp. V, 1966).

and $200 to her husband. This appeal followed.

 Appellants' motions were based on the trial court's Civil Rule 15[2] which provides for amendment of pleadings, with leave of court, both in the interest of justice and to conform to the evidence adduced at trial. Our review of the denial of these motions is limited since we have held that although broad latitude is permitted by the rules, the granting of leave to amend is a matter within the sound discretion of the trial judge and only an abuse of that discretion is reviewable on appeal.[3] Vasaio v. Campitelli, D.C.App., 222 A.2d 710 (1966); Simon v. Robinson, D.C.Mun.App., 135 A.2d 652 (1957); see Rubinstein v. Lichtenstein, D.C.Mun.App., 137 A.2d 219 (1957); 1A Barron and Holtzoff, Federal Practice and Procedure § 454 (1960).

 The testimony at trial showed that Mrs. Saddler was injured when a shelf containing canned goods fell on her while she was shopping in appellee's store. She was incapacitated and bedridden with a back injury for approximately six weeks and then she returned to work. About two weeks later, she experienced severe neck pains when she attempted to lift the child she was caring for. From that time on, she was unable to secure full-time employment, and this loss of earnings was the major part of the recovery she was seeking. Although it presented no evidence, appellee's defense was that Mrs. Saddler's neck injury and her subsequent loss of earnings were not the proximate results of the falling shelf.

The trial judge denied appellants' motions, noting that the evidence regarding Mrs. Saddler's loss of earnings was weak. After reviewing the entire record, we cannot say that he abused his discretion. Furthermore, we cannot see how appellants were prejudiced by the denials. The jury

did not hear the motions being argued, nor were they instructed as to the ad damnum clause or the jurisdictional limit of the court. Appellants did argue, however, in their opening and closing statements that Mrs. Saddler's damages exceeded $11,000. The jury then rendered its verdict of $7,400. In the light of all this we are hard put to find prejudice.

Although other errors were claimed by appellants they were neither briefed nor argued and we consider them abandoned.

Affirmed.

---

2. Substantially identical with Rule 15, Fed. R.Civ.P.

3. We thus do not reach the interesting question of whether, after a case has been certified from the District Court, the ad damnum clause may be increased.