**Thomas C. HARPER t/a Harper Realty, Appellant,**

v.

**Henry WYATT and Mary Lacey Wyatt, Appellees.**

**No. 5828.**

District of Columbia Court of Appeals.

Argued Aug. 17, 1971.

Decided Sept. 28, 1971.

Thomas C. Harper, pro se.

Henry J. Wyatt, with whom Mary B. Wyatt, Washington, D. C., was on the brief, both pro se.

Before KERN, GALLAGHER, and REILLY, Associate Judges.

PER CURIAM:

The only issue raised by this appeal is whether or not the trial court erred in allowing as a setoff against a judgment, two items set forth in a counterclaim by defendants-appellees in an action brought by a real estate broker to recover advance payments which he had been authorized to make. The broker-appellant had sued defendants for $216.18 on an agreement with respect to a house he had been previously commissioned by them to sell, under which he was to be reimbursed for advertising and payments for repairs.

Because of the small amount in controversy, suits of this sort would be tried today in the Small Claims Branch of the Superior Court. But this action, being filed prior to the effective date of the Act[1] enlarging the jurisdiction of the Small Claims Branch, was heard in the Civil Division where a transcript of the testimony was made. In all other respects, however, the proceedings were typical of the informality of the small claims tribunal, neither party being represented by counsel nor marking for identification or offering for the record as exhibits, documents shown to the trial court. No written findings were requested of or made by the trial judge.

From this meagre record (the pleadings and a 24-page transcript), the following appears to be undisputed: In November 1969, after the broker had discovered a prospective purchaser for the house, the parties entered into a contract with such purchaser, which provided that the latter would pay a deposit of $150, subject to forfeiture at the option of the sellers unless final settlement was made. In the event of forfeiture of the deposit, the broker was to obtain one-half for compensation and to pay the other half to the sellers. Apparently the parties understood that final settlement was contin-

---

1. District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, approved July 29, 1970, 84 Stat. 486, 487.

gent upon approval of the proposed transaction by the Federal Housing Administration, for the sellers authorized the broker to make what repairs were necessary to satisfy Federal Housing Administration appraisal while the purchaser was applying for an F.H.A. guarantee. Subsequently the purchaser sought permission to occupy the house on January 1, 1970, pending settlement, and was allowed to do so provided he paid a monthly rental of $160 and would reimburse the sellers for utilities.

The January rent was paid in advance to the broker and turned over to defendants. Subsequently the purchaser notified the broker that he would not or could not meet the settlement price. He moved out of the house on February 5, 1970 without paying the rent for that month or the utility bills.

In their answer to the broker's complaint, defendants did not contest their liability to him for the repair and advertising costs, but counterclaimed for (1) the utility bills not paid by the tenant, (2) the unpaid February rent, and (3) the broker's share of the forfeited deposit. The court disallowed the first of these items, but allowed set-offs of $26.65 and $75, respectively, on the other items, thus reducing the amount owed plaintiff from $216.18 to $114.53. Judgment in this amount was rendered.

■■■ While the trial judge gave no reasons, we find that testimony concerning a misstatement on the broker's part supports the action of the court in granting the counterclaim for unpaid rent.[2] It is

well established that a real estate broker acting as a rental agent is not a guarantor of rent payments (unless the contract with his principal so provides), but this rule is not necessarily applicable where an agent is guilty of negligence or misrepresentation and a loss of rent is suffered. Wright v. Everett, 197 Va. 608, 90 S.E.2d 855 (1956); Shatz Realty Co. v. King, 225 Ky. 846, 10 S.W.2d 456 (1928); Heys v. Tindall, 1 Best & S. 296, 121 Eng.Rep. 724 (1861).

■■■ There is no testimony, however, to support the disallowance of the parties' written contract with respect to the disposition of the forfeited deposit. Conceivably the terms of the sales contract relating to forfeiture could have been disregarded if the broker had been guilty of fraud or misrepresentation when it was executed. But defendants' testimony concedes that it was subsequent to entering into this contract that the broker learned that the Federal Housing Administration had ruled that a loan to the purchaser was unacceptable. Accordingly the court should have given effect to the express terms of the clause which entitled the broker to one-half the forfeited earnest money. Elevated Concrete, Inc. v. Zeve, 95 U.S.App.D.C. 136, 220 F.2d 817 (1955), Largent v. Ritchey, 38 Wash.2d 856, 233 P.2d 1019 (1951).

As the judgment in appellant's favor should therefore have been increased by $75, this case is remanded for entry of a judgment consistent with this opinion.

Affirmed in part.

Reversed in part.

---

2. It is not necessary for a trial court to make findings unless the rules so prescribe, and if the record discloses some valid ground for supporting its conclusion, an appellate court should allow it to stand. Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).