**AUTOCOMP INCORPORATED, a Maryland Corporation, Appellant,**

**v.**

**PUBLISHING COMPUTER SERVICE, INC., t/a PCS, a District of Columbia Corporation, Appellee.**

**No. 8005.**

District of Columbia Court of Appeals.

Argued June 12, 1974.

Decided Jan. 20, 1975.

Jack H. Olender, Washington, D. C., with whom Martin Held, Reston, Va., was on the brief, for appellant.

Robert E. Jensen, Washington D. C., with whom Eric D. Roiter, Washington, D. C., was on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant Autocomp Incorporated filed suit against Systems Associates, Inc. (SAI) and appellee Publishing Computer Service, Inc. (PCS) for the value of computer services and materials furnished SAI for which PCS had promised to pay, alleging in the complaint that after an initial payment of $2,000 PCS had refused to further liquidate the debt. A default judgment was entered against SAI, but after a nonjury trial against PCS the court found for PCS on Autocomp's claim. The question raised on appeal is whether the pleadings clearly posited the issue of a de facto merger between SAI and PCS as a basis for Autocomp's claim[1] and, if not, whether the trial court abused its discretion in denying Autocomp's alternative request during trial to amend its complaint or to take a voluntary nonsuit.[2]

The pertinent portions of the pleadings in dispute are Autocomp's allegations that:

3. After plaintiff provided the said services and materials, and defendant Systems Associates, Incorporated had failed to make payment therefor, defendants Publishing Computer Service, Inc. and Jerald A. Cerand advised plaintiff they were acquiring the other defendant and assured plaintiff they would pay for said services and material, but they failed and refused to do so, after making an initial payment of $2,000.00 on February 15, 1973.

4. The promises and assurances of defendants Publishing Computer Service,

Inc. and Jerald A. Cerand were made to induce plaintiff to forego collection efforts and plaintiff relied thereon to its detriment. [R. at 264–65.]

and PCS' answer that:

4. This defendant admits that at one time it had conducted negotiations with defendant Systems Associates, Incorporated concerning a proposed merger but that said merger was never consummated; this defendant denies that it or any of its authorized agents ever promised or assured plaintiff that this defendant would pay for services or material furnished to defendant Systems Associates, Incorporated between November 2, 1972 and January 3, 1973; this defendant admits it loaned to defendant Systems Associates, Incorporated $2,000 which was used to make payment to plaintiff on February 15, 1973. [R. at 267.]

The question of the proposed merger was also explored at some length in pretrial depositions of corporate officers of both PCS and SAI.

Counsel for PCS claimed surprise at the mention of de facto merger during Autocomp's opening statement and argued that it was not prepared to litigate a question not raised by the pleadings. The court sustained PCS' objection for the reason that it was clear from the complaint that Autocomp's claim was based solely upon an alleged promise of PCS to pay the debt of SAI. It did, however, allow limited examination of the witnesses with respect to the proposed acquisition of the one company by the other. Autocomp's subsequent request to amend its complaint or to take a voluntary nonsuit was denied, and the court ultimately ruled that Autocomp had failed to carry its burden of proving that PCS had promised to pay the antecedent debts of SAI.

---

1. Autocomp proposed to rely upon the provisions of D.C.Code 1973, § 29–927f(e), that in a merger the surviving or new corporation is responsible for the liabilities of the merged corporation.

2. *See* Super.Ct.Civ.R. 41(a).

■ We agree with the trial court's interpretation of the pleadings that the complaint did not give PCS fair notice of de facto merger as a ground for Autocomp's claim.[3] There was no doubt that a merger was proposed and steps taken by the parties to that end. But there is no indication in the complaint that Autocomp was advancing the apparently novel theory that there was a merger in fact, if not in law, upon which liability could be established under the statute. Accordingly, the court was correct in limiting Autocomp's examination of the witnesses to the one issue unequivocally raised by the complaint; viz., whether PCS or its agent had expressly promised to reimburse plaintiff for its services to SAI, thereby causing it to rely on this promise to its detriment.[4]

The question whether the trial court exceeded the limits of its discretionary power in refusing to allow the complaint to be clarified by an amendment at trial is more troublesome.[5] We note that counsel for PCS raised no strenuous objection to the grant of a motion to amend if, in turn, it were provided the opportunity to adequately prepare its defense to the new claim. And while amendments to pleadings are liberally allowed, Seek v. Edgar, D.C.App., 293 A.2d 474 (1972), the court was unwilling to continue the matter and consequently denied the motion to amend.

Super.Ct.Civ.R. 15(a), upon which the court relied, provides in pertinent part that:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action had not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

■ An exercise of discretion by the trial court is not disturbed upon review absent a finding of abuse. Saddler v. Safeway Stores, D.C.App., 227 A.2d 394 (1967). In refusing Autocomp permission to amend here the court expressed its concern over a delay in a trial already underway and said:

[Y]ou're not going to have a case certified as ready for the trial calendar and then come in and decide to retry it if you want to. I'm not going to permit an amendment while we're in trial.

Such reasoning is valid, we think, given the length of time this case had been pending in the trial court during which Autocomp could have sought an amendment and given the many problems attending the disposition of litigation which so concern that court. And so, while reasonable minds may differ as to the relief warranted in any given situation, we cannot say that it was reversible error for the trial court to deny the request to amend in this case and to order the trial to proceed.

Affirmed.

3. See Etty v. Federal Consulting Service, D.C.Mun.App., 59 A.2d 692 (1948). See also Super.Ct.Civ.R. 8(a), 8(e).

4. The fact that the proposed merger was explored at length in the course of discovery does not alter the cause of action pleaded in the complaint.

5. While we speak only in terms of amendment, the same principles apply to a voluntary dismissal under Rule 41(a).