
LIGHT et al. v. FARMER et al.

BUCHANAN v. FARMER et al.

Nos. 678, 679.

Municipal Court of Appeals for the
District of Columbia.

Nov. 24, 1948.

Rehearing Denied Dec. 8, 1948.

Herman Miller, of Washington, D. C.,
for appellants.

Charles H. Quimby, of Washington,
D. C., for appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Draisner, through straw party Light,
contracted to buy certain real estate from
the Farmers for $20,000, and shortly there-
after agreed to sell the property to Monaco
for $21,000. Settlement of these contracts
was never made and eventually the Far-
mers sold the property directly to the
Monacos. Action was brought by Drais-
ner against the Farmers and Monacos on
the ground that by their collusion his
contracts were circumvented and he was
deprived of his profit of $1,000.

Buchanan, the broker who negotiated
the Draisner-Farmer contract, also brought
action against both the Farmers and Mona-
cos on the ground that their alleged col-
lusion deprived him of his commission of
$1,000.

The two actions were tried together be-
fore a jury. At the close of the evidence
Draisner sought permission to amend his
complaint to make a claim against the
Farmers alone for breach of contract.
Apparently a similar amendment by Bu-
chanan had been sought and obtained at an
earlier stage of the trial. Draisner's re-
quest for leave to amend was denied. The
jury returned verdicts for the defendants
and Draisner and Buchanan have appealed.

The first assignment of error re-
lates to the refusal of the court to allow
Draisner to amend his complaint. While
the rules of the trial court contemplate
that leave to amend shall be freely given, it
is not their purpose to allow amendments
under any and all circumstances. Here the
case had been tried on the issues presented
by the original complaint, and an amend-
ment advancing a new theory for recovery
after the evidence was closed might have
prejudiced defendants. Under these cir-
cumstances, there was no abuse of dis-
cretion in denying leave to amend.

368

The other two assignments of error, in substance, assert that plaintiffs were entitled to directed verdicts in their favor. These assignments cannot be sustained. The record shows factual questions concerning whether Draisner was ever ready, able and willing to settle on his contract, whether he delayed an unreasonable time before offering to settle and thereby breached the contract, whether the Farmers made proper tender of settlement, whether they made reasonable demand on Draisner for settlement, and whether the contract between the Farmers and Monacos was made in good faith or with collusive intent to deprive Draisner of his profit and Buchanan of his commission. These questions of fact barred directed verdicts and required submission of the cases to the jury.

Affirmed.