**PARISSI v. FOLEY, United States District Judge.**

**Docket 22589.**

United States Court of Appeals Second Circuit.

March 27, 1953.

---

Andros & Smith, Albany, N. Y. (Harry A. Smith, Albany, N. Y., of counsel), for petitioner.

Whalen, McNamee, Creble & Nichols, Albany, N. Y. (Charles H. Walker, Henry J. Zafian, Charles M. Allen, New York City, of counsel), for respondent.

Before SWAN, Chief Judge, and L. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In this suit by Telechron, Inc. and General Electric Company v. Parissi, the complaint, filed December 22, 1950, sought a declaratory judgment (1) that three patents issued to defendant are invalid and not infringed, and (2) that neither plaintiff has violated any other rights of defendant including rights based on any alleged confidential disclosure of any of the subject matter of the patents. On April 25, 1951, defendant filed an answer which, among other things, denied the non-patent allegations of the complaint. On November 19, 1951, defendant moved to strike those non-patent allegations from the complaint. The trial began, before Judge Foley without a jury, on November 19, 1951. On the first day of the trial, defendant orally amended his answer by designating part of it as a counterclaim. This amendment resulted in (1) an allegation that plaintiffs had "wilfully infringed," and "still are wilfully infringing" defendant's patents and (2) a prayer for damages resulting from plaintiffs' infringement and for injunctive relief. On December 28, 1951, after sixteen days of trial, Judge Foley made an order granting defendant's motion to strike the complaint's non-patent allegations. The trial was adjourned pending plaintiffs' appeal to this court from that order. We reversed it. See Telechron, Inc., v. Parissi, 2 Cir., 197 F.2d 757. Thereafter, defendant sought to amend his answer by adding a second counterclaim based on the non-patent claims. Judge Foley made an order permitting defendant to do so, on condition that this counterclaim and plaintiffs' reply thereto "shall not affect or prejudice the resumption of the trial herein before the Court, Honorable James T. Foley, Judge, on January 6, 1953, the date heretofore fixed by him for such purpose." Defendant filed his amended answer on December 20, 1952; plaintiffs' reply followed on December 23; and on December 24 defendant filed a jury demand. On plaintiffs' motion, Judge Foley made an order striking this demand. Defendant now petitions us to issue a writ of mandamus directing Judge Foley to vacate that order.

### The Propriety of Our Entertaining the Petition

We have power to issue such a writ when a jury demand has been erroneously denied, and therefore to entertain this petition. See the discussion in Goldblatt v. Inch, 2 Cir., 203 F.2d 79. So we proceed to the merits.

### The Merits of the Petition

We need not decide (a) whether the matter put in issue by the second counterclaim would have been triable by jury as of right if an effective jury demand had been filed or (b) whether the demand here was timely. For, as defendant had once amended his pleading before he sought by amendment to file his second counterclaim, Rule 15(a) applied, Fed.Rules Civ.Proc., 28 U.S. C.A. Under that Rule, absent the written consent of the plaintiffs, leave of court was necessary. To such leave, the court may attach reasonable conditions. The judge attached a condition which meant that noth-

**456**

ing should prevent the resumption of the trial before him of the issues as they stood before the amendment, including the issue raised by the non-patent claims. In the circumstances, we cannot say that this condition was unreasonable despite the Rule's provision that leave to amend "shall be freely given when justice so requires": If the jury demand had been granted, it would have been necessary to retry before a jury much of the evidence already heard by the judge. Justice did not require such repetition and delay.

Petition denied on the merits.