CAPITOL CAR SALES, LTD., a corporation, Appellant,

v.

Ludwig NELLESSEN, Appellee.

No. 3764.

District of Columbia Court of Appeals.

Argued Dec. 13, 1965.

Decided Feb. 24, 1966.

**116**

Irwin Mininberg, Washington, D. C., argued for appellant. Milford F. Schwartz, Washington, D. C., was on the brief for appellant.

Robert T. Smith, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee brought this action against appellant for commissions which he alleged were due him under an oral contract of em-

ployment. During 1961 and 1962, appellee was employed as a salesman by appellant, a Volkswagen dealer operating in the District of Columbia. Under the terms of his employment he was to be paid commissions for all cars sold by him and delivered to the buyers. No commission was payable until a car had actually been delivered, which, because Volkswagens were in short supply, could be some five or six months after the sale had been made. Appellee left the employ of appellant in August 1962, and a dispute arose as to whether he was entitled to commissions for cars which he sold but which were not delivered until after he was no longer with the company. Trial was held before a jury, which determined that appellee's contract of employment contemplated that he would earn commissions for all cars sold by him and delivered, whether or not delivery took place while he was still in appellant's employ. The trial court thereupon entered judgment for appellee in the amount of $1,207.85.

While on the witness stand, appellee testified that he had been paid all commissions due him up to the time his employment was terminated. He then revealed that his final pay check had a notation on the reverse side stating that it was in settlement of all claims against appellant. He testified that he had to cash the check because he needed the money.

On the following day, after appellee rested his case, counsel for appellant asserted that he had been unaware of the endorsement on the check until he heard appellee's testimony. He stated that appellant's records were "ostensibly lost in a flood" but that, following the proceedings of the first day, he had been able to locate the check. Appellant introduced it into evidence and sought leave of the court to amend its answer to include the affirmative defenses of release and accord and satisfaction. The trial court denied the motion as having been made too late, and it further denied appellant's request for an instruction on accord and satisfaction. Appellant

alleges that these rulings were in error and also contends that it was entitled to a directed verdict on the question of accord and satisfaction as a matter of law.

■ The action of a trial court in granting or refusing leave to amend during the trial of an action is a matter within its sound discretion and is not subject to review on appeal except for an abuse of this discretion. Simon v. Robinson, D.C. Mun.App., 135 A.2d 652 (1957); Boyle v. Smith, D.C.Mun.App., 64 A.2d 428 (1949); Light v. Farmer, D.C.Mun.App., 62 A.2d 367 (1948); Plummer v. Johnson, D.C.Mun. App., 35 A.2d 647 (1944). Looking at the facts in this case, it appears appellant should have been aware of the availability of the defenses it sought to insert at trial, even without having the check at hand. But the check had been in its sole possession during the fifteen months in which the case had been at issue. Although it was supposedly lost, appellant was able to find it after the first day of trial. In light of these circumstances, we believe the trial court did not abuse its discretion in denying the amendment. Appellant's excuse for the undue delay in seeking the amendment was insufficient to offset the prejudice which might have resulted to appellee.

■ It follows from the above that the trial court committed no error in refusing instructions and a directed verdict on the defenses of release and accord and satisfaction since these issues were not properly in the case.

■■ Appellant also contends that the court erred in excluding certain evidence. We hold, however, that the court properly excluded a letter written by a former employee of appellant on the ground of hearsay. And there was no error in disallowing, as irrelevant, testimony about the policies of another Volkswagen dealer—the issue here being the terms of appellee's contract.

Affirmed.