**BLAKE CONSTRUCTION CO., INC., Appellant,**
v.
**ALLIANCE PLUMBING & HEATING CO., INC., et al., Appellees.**

**No. 12223.**

District of Columbia Court of Appeals.

Argued March 15, 1978.

Decided July 3, 1978.

Rehearing and Rehearing en Banc Denied Sept. 1, 1978.

---

David J. Taylor, Washington, D. C., for appellant.

Paul M. Rhodes, Washington, D. C., for appellee Alliance Plumbing & Heating Co.

James J. Hickey, Jr., Washington, D. C., with whom John J. Mullenholz, Washington, D. C., and Donald W. Hamaker, were on the brief, for appellee Bohn Heat Transfer Division.

Before KELLY and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

KELLY, Associate Judge:

Appellant Blake Construction Co., Inc. (Blake) entered into a contract in 1968 with BGW Limited Partnership (BGW) to construct a building at Vermont Avenue and K

Street, N.W., in this city.[1] The Blake Corporation was then principally owned by the same three individuals who are the general partners of BGW. On April 14, 1969, Blake contracted with Alliance Plumbing and Heating Co., Inc. (Alliance), as the mechanical subcontractor, to install the plumbing, heating, ventilating and air conditioning systems in the building. Alliance, in turn, entered into a contract with Bohn Aluminum and Brass Corp. (Bohn) to provide air handling units for the building.[2]

In performing its obligation under the subcontract, Bohn used fans within the air handling units which were smaller in diameter than those called for in the specifications, amendments and contract drawings.[3] Blake demanded that Alliance supply and install units which complied with the specifications and when Alliance failed to do so, withheld monies from the final contract payment pending Alliance's completion of its contractual obligation. On December 28, 1973, Alliance filed suit against Blake for monies claimed to be due and owing. Blake counterclaimed for breach of contract, seeking as damages the cost to replace the nonconforming air handling units. Alliance then brought in Bohn as a third-party defendant on the counterclaim.

When trial commenced in March 1977, the court bifurcated the trial of the complaint and the counterclaim.[4] In the trial of the counterclaim, after Blake's case-in-chief and Alliance's defense were presented, Alliance and Bohn moved to dismiss the counterclaim for Blake's failure to prove that it had sustained any damages,[5] an issue raised by the court, sua sponte. Counsel for Blake moved for leave to amend the counterclaim to bring in the owners of BGW as the real parties in interest and to reopen its case in order that they could testify as to their damages. In considering this request, the following colloquy transpired:

THE COURT: Would Blake and the new claimant be willing to waive the jury trial?

COUNSEL: I do not know the answer to that.

THE COURT: Would you please find out? That would be a material consideration. If it—if a jury trial would not be necessary, sir, it might be that much of the prior testimony would be readily admissible, by virtue of the testimony that's already been given. In point of fact, whether it's jury or non-jury, it seems to me that will be the case, subject to the technical rule that if the witness is available, the witness should testify. But, I would think that—and, this has been a long, and it's been an arduous trial, and the parties have been subjected to a considerable amount of expense. And, I would be inclined to consider that, persuasively, in exercising my discretion.

On the other hand, if we could have an expeditious trial, then it would seem to me that I would give serious consideration to a mistrial route as distinguished from a dismissal route.

After a short recess, counsel advised the court that Blake (or BGW) would not waive a trial by jury. The trial court then ruled that since no evidence was presented that Blake had suffered cognizable damage, and since it was not the real party in interest, the counterclaim would be dismissed. On appeal Blake assigns as error the trial court's refusal to allow leave to amend the counterclaim, and its consideration of Blake's unwillingness to waive jury trial as a factor in denying the motion to amend.

1. The contract was with Blake Construction Co., Inc., a Delaware Corporation, which later merged into Blake Construction Co., Inc., a District of Columbia Corporation.

2. Bohn is now the Bohn Heat Transfer Division of Gulf Western Mfg. Co.

3. Following complaints from the building's tenants, Blake discovered that 18 fans within 9 air handling units on floors two through ten were 19½ inches in diameter instead of 22¾ inches as called for in the specifications.

4. On the complaint, the jury returned a verdict for Alliance in the amount of $26,255.08.

5. Counsel represented that sometime after appellant filed the counterclaim in this matter, Blake was paid in full by BGW. BGW never made claim on Blake for damages.

## I

■ Blake first contends that the trial court erred in not allowing Blake to amend the counterclaim to bring the BGW partners before the court. Amendments to pleadings are controlled by Super.Ct.Civ.R. 15(a),[6] and the trial court has wide discretion to grant or refuse such amendments. *See, e. g., Autocomp, Inc. v. Publishing Computer Service, Inc.,* D.C.App., 331 A.2d 338 (1975); *Saddler v. Safeway Stores, Inc.,* D.C.App., 227 A.2d 394 (1967); *Capitol Car Sales, Ltd. v. Nellessen,* D.C.App., 217 A.2d 115 (1966); *Zackery v. Mutual Security Savings & Loan Ass'n,* D.C.App., 206 A.2d 580 (1965). Blake had initially alleged that it was damaged as a result of the expenditure of its funds and nonpayment by BGW. It is acknowledged, however, that sometime during the four-year three-month period between the time Blake first filed its counterclaim and the time the matter came to trial, Blake was paid in full by BGW.[7] Yet Blake at no time sought to amend its pleadings to bring the proper parties before the court. With new parties before the court, and the new issue of damages, it was necessary to end the existing trial. And, as the trial court pointed out, bringing in BGW as a counterclaim plaintiff would require the partners to assert a claim against Blake which Blake would assert against Alliance which Alliance would then assert against Bohn.

■ Leave to amend is not granted automatically under Super.Ct.Civ.R. 15(a) but only where justice so requires. *Order of Ahepa v. Travel Consultants, Inc.,* D.C.

App., 367 A.2d 119, 124 (1976). As the Supreme Court stated in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), a court may properly refuse to allow an amendment to a pleading where it is evident that the amendment would be accompanied by "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." We conclude that the trial court did not abuse its discretion in denying Blake's motion, given the amount of time in which the counterclaim could have been properly amended and the added burden to appellees if the motion were granted.[8]

## II

■ Blake also argues that the trial court sought to coerce it into waiving a jury trial in the event of a retrial of this matter. The record does not reflect such coercion, however, for the court merely considered, in ruling on appellant's motion to amend, whether Blake would waive a trial by jury to facilitate retrial. In any event, a trial court may, within its discretion, permit a party to amend his pleadings only on the condition that a timely demand for jury trial be stricken from the amended pleadings. *See Local 738, Allied Industrial Workers, AFL–CIO v. General Electric Co.,* 471 F.2d 751, 755 (6th Cir. 1973); *Parissi v. Foley,* 203 F.2d 454, 455 (2d Cir. 1953), *rev'd on other grounds,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955). In the instant case, the court acted well within its discretion in denying appellant's request for leave to

---

6. Super.Ct.Civ.R. 15(a) provides:

Amendments. A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. If a pleading is dismissed or stricken with leave to amend, an amended pleading must be filed within 20 days unless otherwise provided by order of court. A party shall

plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

7. Neither Alliance nor Bohn was apprised of BGW's payment.

8. Additional time would have been required for the filing of answers to the amended counterclaim, additional discovery would become necessary, and additional witnesses would have to be subpoenaed and deposed.

amend the counterclaim. Waiver of a jury demand was merely one factor which the trial court considered. The fact that there was ample justification to refuse appellant permission to amend obviates the need to examine the question of a denial of the constitutional right to a jury. *See Local 738, Allied Industrial Workers, AFL–CIO v. General Electric Co., supra* at 755; *Parissi v. Foley, supra* at 455. If a new jury were to be impanelled for the purposes of retrial, it would have been necessary to retry before the new jury much of the evidence already heard by the trial judge. In the context of Super.Ct.Civ.R. 15(a), justice did not require such repetition and delay. *See Parissi v. Foley, supra* at 456.

The order on appeal is

*Affirmed.*