Jibril L. IBRAHIM, Appellant,

v.

UNIVERSITY OF the DISTRICT OF COLUMBIA, Appellee.

No. 98–CV–1080.

District of Columbia Court of Appeals.

Submitted Nov. 12, 1999.

Decided Dec. 23, 1999.

Jibril L. Ibrahim, pro se.

Robin C. Alexander, University Counsel, University of the District of Columbia, was on the brief for appellee.

John M. Ferren, Corporation Counsel at the time the statement was filed, Charles L. Reischel, Deputy Corporation Counsel, and Sharlene E. Williams, Assistant Corporation Counsel, filed a statement in lieu of brief for the District of Columbia.

Before STEADMAN, FARRELL, and REID, Associate Judges.

PER CURIAM:

Ibrahim, an inmate in the custody of the District of Columbia Department of Corrections (DOC), brought suit against the University of the District of Columbia (UDC) contending that he had completed the requirements for an Associate Degree under the Lorton Prison College Program, which UDC conducts at Lorton by contract with the DOC, but that his diploma had been wrongfully withheld. As relief he asked that UDC be ordered to give him the diploma. He also asked for damages. The trial court granted summary judgment to UDC on the sole ground that, assuming Ibrahim had been entitled to receive a diploma on the date of graduation, May 28, 1997, he had not given notice of UDC's wrongful conduct to the District of Columbia within six months of that date, as required by D.C.Code § 12–309 (1995).

That statute provides in relevant part:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant ... has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

In *District of Columbia v. Campbell*, 580 A.2d 1295 (D.C.1990), however, we held that compliance with § 12–309's notice requirement, is not a prerequisite to a claim

in *contract* against the District of Columbia. *Id.* at 1301–02.[1] Although Ibrahim characterized his claim as a tort, asserting negligence by UDC in keeping records and supervising its employees, the gravamen of his complaint is that he was wrongly denied a diploma which he had earned by completion of the Associate Degree program. In essence, he claims to be a third-party beneficiary of the contract between the DOC and UDC under which the program is conducted. *See Western Union Tel. Co. v. Massman Constr. Co.,* 402 A.2d 1275, 1277 (D.C.1979) ("one who is not a party to a contract nonetheless may sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder"); *District of Columbia v. Campbell,* 580 A.2d at 1302. Indeed, the only cognizable damage Ibrahim alleges is denial of the diploma he claims to have earned.[2] If Ibrahim was an authorized participant in the educational program, completed its requirements, and so earned the diploma—all of which we must assume for present purposes—then UDC breached its contract with the DOC by denying him the degree, and he would be entitled to specific performance under the cases cited. *Cf. also Bay General Industries, Inc. v. Johnson,* 418 A.2d 1050, 1056 (D.C.1980) (when a seller fails to make delivery or repudiates a contract, a third party beneficiary may sue for specific performance). D.C.Code § 12–309 therefore has no application to this case.

Disputed issues of material fact remain as to whether appellant earned the degree. We hold only that § 12–309 provides no basis for termination of the suit.[3] Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

1. Our holding rested primarily on the plain language of the statute, which applies to actions for unliquidated "damages to person or property."

2. Ibrahim makes no allegation, for example, that withholding of the diploma has affected his release date from prison, denied him access to other prison programs, or impaired any work opportunity he might have if and when he is released from prison. Insofar as Ibrahim's allegations may "sound in" tort, summary judgment was properly entered for his failure to allege and offer proof of more than speculative damages. *See Pratt v. University of the District of Columbia,* 691 A.2d 158, 159 (D.C.1997); *Knight v. Furlow,* 553 A.2d 1232, 1235 (D.C.1989) (quoting *Budd v. Nixen,* 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433, 436 (1971) (" 'The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence' ")).

3. Summary judgment was properly granted as to defendant Nimmons, president of UDC, since the complaint alleged no wrong whatsoever by him in his individual capacity. UDC also points out that appellant sued UDC proper, which is not *sui juris.* Only the Board of Trustess of UDC "shall have the power to ... sue and be sued." D.C.Code § 31–1511 (1998). On remand appellant should be permitted to amend the complaint to name the Board of Trustees as defendant. *See Industrial Bank of Washington v. Allied Consulting Servs.,* 571 A.2d 1166, 1167 (D.C.1990) ("[T]he Superior Court Rules of Civil Procedure 'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome[,] and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' ") (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).