**Donald MURPHY, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, et al., Defendant–Appellee,**

**Rochester City School District, Defendant.**

**Docket No. 03–7885.**

United States Court of Appeals, Second Circuit.

July 28, 2004.

Emmelyn Logan–Baldwin, Rochester, New York, for Plaintiff–Appellant.

Carol E. Heckman, Harter, Secrest & Emery LLP, Rochester, New York (A. Paul Britton, on the brief), for Defendant–Appellee Rochester City School District.

Jules L. Smith, Blitman & King LLP, Rochester, New York (Kara A. Hiller, on the brief), for Defendant–Appellee Rochester Teachers Association.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and COTE, District Judge.*

* The Honorable Denise Cote, United States District Judge for the Southern District of

## SUMMARY ORDER

Plaintiff–Appellant Donald Murphy brought a suit against, *inter alia,* the Rochester School District, twenty-six individual defendants who are officials at the district, and the Rochester Teacher's Association. He raised a cavalcade of claims under various Federal anti-discrimination statutes, the Constitution, and state law. His attorney's submissions to the district court (similar to those presented in this Court) lacked coherence both factually and as to legal questions.[1] The district court (Larimer, *J.*) thoroughly and patiently sought to decipher the allegations. After meticulously combing the voluminous record for traces of evidence to support Plaintiff's claims, Judge Larimer granted summary judgment on the Federal claims and dismissed the state causes of action without prejudice. Murphy appeals.

We affirm substantially for the reasons given by the district court. In particular, we note that even assuming *arguendo* that Plaintiff has made *prima facie* cases for his claims and assuming also *arguendo* that those claims are not barred by the statute of limitations, and finally assuming equally *arguendo* that Plaintiff's characterization of the defendants' explanations might, in some of the cases, raise enough factual issues to justify submission to a jury, it nevertheless remains the case that there is not enough evidence of discrimination in any of these claims so that a reasonable jury could find for the plaintiff. *See Lizardo v. Denny's, Inc.,* 270 F.3d 94, 103 (2d Cir.2001); *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 94–95 (2d Cir.2001).

Plaintiff has also made various motions which, in view of disposition of the case, we deny as moot.

We have considered all of Plaintiff's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.

1. We note that counsel's conduct left a lot to be desired. She frequently mischaracterized the law and repeatedly relied on conclusory assertions as evidence. These, together with her inclusion of numerous duplicative and irrelevant materials in the record, disserved both her client and the courts.