890 A.2d 191 (2006)
In re ESTATE OF Joseph P. CURSEEN
Celestine Curseen, Appellant,
v.
Buchanan Ingersoll, et al., Appellees.
No. 05-CV-277.
District of Columbia Court of Appeals.
Argued December 6, 2005.
Decided January 12, 2006.
*192 M. Celeste Bruce, Greenbelt, MD, with whom Alan M. Rifkin, Annapolis, MD, was on the brief, for appellant.
Pamela A. Bresnahan, with whom Timothy H. Goodman, Washington, DC, was on the brief, for appellees.
Before: REID and FISHER, Associate Judges, and NEWMAN, Senior Judge.
FISHER, Associate Judge:
Appellants, the estate of Joseph P. Curseen, Jr. ("estate") and Celestine Curseen, his widow, appeal from an order of the Superior Court dismissing, with prejudice,[1] their complaint alleging legal malpractice. The trial court granted a defense motion which asserted that the plaintiffs had failed to state a claim upon which relief could be granted. See Super. Ct. Civ. R. 12(b)(6) (2005). We conclude that the complaint contains sufficient allegations to meet the fairly minimal pleading requirements of Super. Ct. Civ. R. 8(a). Therefore, we reverse the judgment of the Superior Court and remand the case for further proceedings.

I.
Joseph Curseen was a postal employee at the Brentwood Mail Distribution Center in Washington, D.C. In October of 2001 a letter containing anthrax spores was sent to Senator Tom Daschle and passed through the Brentwood facility. Mr. Curseen was exposed to those anthrax spores, and he soon became ill and died. In separate litigation, appellants have alleged that his death was attributable to negligent medical care and an inadequate response by postal officials.
On October 30, 2001, appellees Buchanan Ingersoll, P.C., and Steven Hilton, Esquire, agreed to represent Mrs. Curseen and the estate pro bono. In pertinent part, the retainer agreement signed by the parties reads:
Buchanan will assist [Mrs. Curseen] generally in addressing legal issues that arise from the loss of [her] husband, Joseph Curseen, Jr. These issues include, but are not limited to, general legal advice, probate and estate matters, counseling, benefits analyses, management of monetary donations, and initial counseling regarding potential claims arising from the death of [her] husband.
Appellants later retained present counsel, who filed a medical malpractice complaint. That lawsuit has been removed to the United States District Court for the District *193 of Maryland, and a Fifth Amendment claim against the United States Postal Service is now pending in the United States District Court for the District of Columbia. In addition, new counsel has filed the instant action in the Superior Court accusing former counsel of legal malpractice.

II.
"Because a motion to dismiss a complaint under Rule 12(b)(6) `presents questions of law, our standard of review... is de novo.'" Fraser v. Gottfried, 636 A.2d 430, 432 n. 5 (D.C.1994) (quoting Johnson-El v. District of Columbia, 579 A.2d 163, 166 (D.C.1990)). We apply the same standard as the trial court, meaning "we accept the allegations of the complaint as true, and construe all facts and inferences in favor of the plaintiff." Atkins v. Industrial Telecommunications Ass'n, 660 A.2d 885, 887 (D.C.1995).
To prove legal malpractice, a plaintiff must show an applicable standard of care, prove a breach of that standard, and demonstrate a causal relationship between the violation and the harms enumerated in the complaint. O'Neil v. Bergan, 452 A.2d 337, 341 (D.C.1982). In this case appellants' ability to prove causation and damage appears to depend (at least substantially) on the outcome of the other pending litigation mentioned above. If they fail to prevail on those claims, or if they are awarded smaller amounts of damages than desired, appellants likely will attribute these shortfalls to the alleged negligence of appellees, their former counsel.
Thus, appellants seem to make an anticipatory claim of legal malpractice.[2] One doubts that the appellants could, if called upon to do so today, prove any damage that has yet resulted from the alleged malpractice.[3] Nevertheless, appellants have specifically alleged causation and damages.[4] The filing of a motion pursuant to Rule 12(b)(6) does not call upon the plaintiff to offer his proof. All that is required when we consider the sufficiency of the complaint is "a short and plain *194 statement of the claim showing that the pleader is entitled to relief." Super. Ct. Civ. R. 8(a)(2). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). See also Sarete, Inc. v. 1344 U St. Ltd. P'ship, 871 A.2d 480, 497 (D.C.2005) ("[A] complaint [should not] be dismissed under Rule 12(b)(6) on the ground that no evidence has been offered by Plaintiffs since we take the facts alleged in the complaint as true, and the presentation of evidence to counter a Rule 12(b)(6) motion is not required" (internal quotations, citation, and editing omitted)); Vincent v. Anderson, 621 A.2d 367, 372 (D.C.1993) ("The Rule is designed to test solely the legal sufficiency of the complaint.").
The complaint satisfies the requirements of Rule 8(a) because it gives the defendant law firm fair notice of the basis for this suit. The appellants clearly assert that appellees owed them a duty of care, they allege breaches of that duty, and they claim they have been injured as a result of those breaches.[5] If appellees wish to test the ability of appellants to prove what they have alleged, they must present a motion for summary judgment or proceed to trial.

III.
Appellees obviously believe that, if called upon at this moment to do so, appellants would not be able to prove damages or the other elements of their claim. Nevertheless, overcoming a Rule 12(b)(6) motion simply requires a sufficient pleading, not actual proof. Therefore, we reverse the judgment of dismissal and remand this case for further proceedings.
So ordered.
NOTES
[1] The words "with prejudice" do not appear in the court's order dismissing the appellants' case. However, Super. Ct. Civ. R. 41(b) provides that "[u]nless the Court in its order for dismissal otherwise specifies, a dismissal . . ., other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Therefore, as the court did not indicate otherwise, the dismissal is deemed to be with prejudice. See Granville v. Hunt, 566 A.2d 65, 66 n. 1 (D.C.1989) ("A dismissal under Rule 41(b), unless otherwise specified, is with prejudice."); see also Okusami v. Psychiatric Inst. of Washington, 295 U.S.App.D.C. 58, 62, 959 F.2d 1062, 1066 (1992) (a dismissal for failure to state a claim on which relief can be granted is a resolution on the merits and is ordinarily with prejudice).
[2] Appellants do, however, allege that a potential claim for intentional infliction of emotional distress has already been precluded by the passage of time.
[3] Actual, not speculative, damage is required to succeed on a legal malpractice claim. See, e.g., Poole v. Lowe, 615 A.2d 589, 593 (D.C. 1992) ("[T]here must at least have been injury not dependent upon a contingent or uncertain event; for then the fact of damage would be speculative and a cause of action would not have accrued" (internal quotation, citation, and editing omitted)); Knight v. Furlow, 553 A.2d 1232, 1235 (D.C.1989) ("a claim for legal malpractice does not accrue until the plaintiff-client has sustained some injury from the malpractice;" "`[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harmnot yet realizeddoes not suffice to create a cause of action for negligence'" (emphasis added) (quoting Budd v. Nixen, 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433, 436 (1971))).
[4] The complaint describes in great detail the circumstances surrounding Mr. Curseen's death, suggesting that the terrorist who sent the anthrax spores is not the only one to blame. It also discusses the nature of appellees' legal representation and perceived shortcomings in that representation. Paragraphs 99 and 100 allege that

"[b]ut for the Defendants' negligence, Plaintiffs would have prevailed on all claims and would have collected all allowable damages against the various public and private entities .... As a result of Defendants' negligence, Plaintiffs have suffered damages, including economic loss and emotional damages, and the preclusion of certain claims that could have been brought against various public and private entities, and the inability to recover all allowable damages resulting from Joe Curseen's death."
[5] The pleading standards of Rule 8(a) are subject to the requirement that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Super. Ct. Civ. R. 11(b)(3). There is no claim before the trial court or before us alleging a violation of Rule 11.