Fremah MANAGO, Appellant

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 06–CV–1041.

District of Columbia Court of Appeals.

Argued Oct. 10, 2007.
Decided Nov. 1, 2007.

Olekanma A. Ekekwe, Washington, DC, for appellant.

Richard S. Love, Senior Assistant Attorney General, with whom Eugene A. Adams, Interim Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Edward E. Schwab, Dep-

uty Solicitor General, were on the brief, for appellees.

Before FARRELL and FISHER, Associate Judges, and NEWMAN, Senior Judge.

FISHER, Associate Judge:

Appellant asserts that the trial court erred in dismissing her amended complaint. We disagree and affirm.

## I.

Appellant, who comes from Ghana, was studying respiratory therapy at the University of the District of Columbia. She complains that the university and various individuals refused to allow her to take a final exam, advised her to withdraw from the program, refused "to sign off on her graduation document," and refused to sign documents that would allow her "to take a certification examination in respiratory therapy." She also alleges that the university failed in various ways to provide the instruction she expected and the accommodations that she desired for her alleged disability.

In addition to seeking damages, appellant asks that the defendants be ordered to provide "certification in respiratory therapy and the opportunity to take the national certification examination." "This court has recognized that a judgment by school officials that a student has not performed adequately to meet the school's academic standards is a determination that usually calls for judicial deference." *Alden v. Georgetown University*, 734 A.2d 1103, 1108 (D.C.1999). "This rule of judicial nonintervention is particularly appropriate in the health care field where the students who receive degrees will provide care to the public...." *Id.* at 1109 (internal quotation marks and citations omitted).

## II.

■ The trial court found that two of the defendants named in the amended complaint (Janet Akintola and the Board of Trustees of the University of the District of Columbia) were never made parties to the suit. These findings were not clearly erroneous. So far as the record discloses, neither of these putative defendants was properly served with either the original or the amended complaint. *See Ibrahim v. University of the District of Columbia*, 742 A.2d 879, 881 n. 3 (D.C.1999) ("UDC proper [as distinguished from the Board of Trustees] ... is not *sui juris*."). Super. Ct. Civ. R. 15(c), on which appellant relies, does not relieve her of the obligation to timely serve each defendant with a summons and a copy of the complaint. Super. Ct. Civ. R. 4(c), (e), (j), (*l*), and (m).

## III.

■ The trial court dismissed the allegations against the District of Columbia, Susan Lockwood, and Connie Webster with prejudice for failure to state a claim upon which relief can be granted. Super. Ct. Civ. R. 8(a), 12(b)(6). "The filing of a motion pursuant to Rule 12(b)(6) does not call upon the plaintiff to offer his proof." *In re Estate of Curseen*, 890 A.2d 191, 193 (D.C.2006). However, "the pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Chamberlain v. American Honda Finance Corp.*, 931 A.2d 1018, 1023 (D.C.2007) (internal quotation marks omitted). Applying our *de novo* standard of review, we conclude that the amended complaint fails to meet even this lenient standard.

■ The District of Columbia itself was not a proper defendant to these claims.

D.C.Code § 38–1202.01(a) (2001) "established a body corporate by name of the Board of Trustees of the University of the District of Columbia," giving it the power "to sue and be sued, to complain and defend in its own name in any court of competent jurisdiction...." *Cf. District of Columbia Water & Sewer Authority v. Delon Hampton & Assocs.*, 851 A.2d 410, 412 (D.C.2004) (explaining that the D.C. Water & Sewer Authority, a corporate body, has a separate legal existence from the District of Columbia government). Thus, the plaintiff must sue the Board of Trustees rather than the District of Columbia.

■ None of the counts of the amended complaint stated a claim against Professor Lockwood or Dr. Webster. Although we recognize the general rule "that the relationship between a university and its students is contractual in nature," *Basch v. George Washington University*, 370 A.2d 1364, 1366 (D.C.1977), appellant's breach of contract claim fails for two independent reasons. First, she fails to allege sufficient facts to demonstrate either the terms of the contract or reason to think it was breached. (Various documents contained in the Appendix were not attached to, or incorporated by reference in, the amended complaint.) Second, the only proper defendant for this claim would be the Board of Trustees of the university, *see* D.C.Code § 38–1202.01(a), and, as we have seen, the Board was not properly served with the complaint.

Similarly, the claim under the District of Columbia Human Rights Act applies only to "an educational institution...." D.C.Code § 2–1402.41 (2001). If appellant intends in Count Three to invoke the corresponding federal statute, those allegations fail for similar reasons. *See Goonewardena v. New York*, 475 F.Supp.2d 310, 328 (S.D.N.Y.2007) ("Title VI claims can-

not be asserted against an individual defendant") (construing Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (2000)). Moreover, her complaint fails to allege reasons to believe that she was treated differently than similarly situated students *because of* her race, color, or national origin. *See Chandamuri v. Georgetown University*, 274 F.Supp.2d 71, 84–85 (D.D.C.2003).

■ There is no individual liability under the Rehabilitation Act. *See, e.g., Emerson v. Thiel College*, 296 F.3d 184, 189–90 (3d Cir.2002) (individuals are not liable under § 504 of the Rehabilitation Act); *Harris v. Mills*, 478 F.Supp.2d 544, 547–48 (S.D.N.Y.2007) ("claims under the Rehabilitation Act may not be brought against individuals, either in their personal or official capacity"); *Gary v. Georgia Department of Human Resources*, 323 F.Supp.2d 1368, 1373 (M.D.Ga.2004) ("the Rehabilitation Act does not provide for relief against individual Defendants"); *Murphy v. Board of Education of the Rochester City School District*, 273 F.Supp.2d 292, 326 (W.D.N.Y. 2003) (no individual liability under the Rehabilitation Act), *aff'd*, 106 Fed.Appx. 746 (2d Cir.2004). As discussed above, no party against whom appellant may properly seek relief under the Rehabilitation Act has been made party to this suit.

■ Appellant has also asserted claims for retaliation and intentional infliction of emotional distress. The retaliation claim fails because appellant did not allege that she had engaged in "protected activity." Complaining that a grade was too low does not put the university on notice that appellant was complaining about discriminatory treatment. *See Carter–Obayuwana v. Howard University*, 764 A.2d 779, 791 (D.C.2001) (plaintiff must alert employer that she is complaining about discriminatory conduct); *Howard University v. Green*, 652 A.2d 41, 46 (D.C.1994) (same). Appel-

lant has failed to allege, or to state facts from which we reasonably may infer, this essential element of a retaliation claim.

Appellant may well have experienced emotional distress, but her claim for intentional infliction of emotional distress fails as well. *See, e.g., Darrow v. Dillingham & Murphy, LLP,* 902 A.2d 135, 139 (D.C. 2006) (upholding dismissal for failure to state a claim for intentional infliction of emotional distress); *Homan v. Goyal,* 711 A.2d 812, 818 (D.C.1998) ("Liability [for intentional infliction of emotional distress] will be imposed only for conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (internal quotation marks omitted)).

The judgment of the Superior Court is hereby

*Affirmed.*