Anthony MAZZA, Appellant,

v.

HOUSECRAFT LLC, Appellee.

No. 09–CV–1068.

District of Columbia Court of Appeals.

Submitted Nov. 23, 2010.

Decided April 28, 2011.

---

Anthony Mazza, West Orange, NJ, pro se.

Brian W. Thompson and Arthur F. Konopka, Washington, DC, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and KING, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

Appellant Anthony Mazza challenges the trial court's dismissal of his complaint on *res judicata* grounds. In affirming the trial court on this issue, we also take the opportunity to hold that the recent Supreme Court decisions [1] articulating the requirements that a complaint must meet in order to survive a motion to dismiss apply in our jurisdiction. Mazza further argues that the court abused its discretion by denying his motion for leave to amend his complaint, because the court should have allowed him to introduce newly discovered evidence or to assert fraud with respect to the judgment entered against him in a previous case. In the alternative, Mazza contends that the trial court abused its discretion by denying his motion to appeal the prior judgment, because the judgment was void. We disagree and affirm the trial court's decision.

## I.

This case arises out of a 2004 home improvement contract, in which appellee Housecraft LLC ("Housecraft") agreed to renovate Mazza's property. When Mazza failed to pay the total amount of the final invoice, Housecraft filed a mechanic's lien against the property and a complaint for the balance of $36,757.76. Mazza disputed that he owed the amount claimed by Housecraft and filed a recoupment and a counterclaim, and the case proceeded to trial.

On February 4, 2008, the trial court issued an order entering judgment in favor of Housecraft for $21,757.76, plus prejudgment interest, which was a reduced award because the court found Mazza's counterclaim to be meritorious. On April 1, 2008, the trial court issued another order to clarify that the pre-judgment interest rate was 1.5 percent, the amount specified in the contract. The interest was to begin accruing on July 1, 2005, which was the date Housecraft indicated that the invoice was originally due. After Mazza failed to satisfy the judgment entered against him, the Clerk of the Superior Court issued a writ of *fieri facias* to enforce the mechanic's lien against Mazza's property.

On May 15, 2009, Mazza filed a complaint to challenge the writ of *fieri facias,* alleging that because only his wife signed the contract, the mechanic's lien stemming from the contract could not be executed against property titled in his name alone. Housecraft then filed a Rule 12(b)(6) motion to dismiss Mazza's complaint. The court granted the motion on *res judicata* grounds because "[i]n the previous litigation, [the court] considered the nature of

---

1. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

the contract between the parties" to find that a contract existed between the Mazzas and Housecraft. As such, Mazza could not "assert the mechanic's lien was flawed because only either [Mazza or his wife] entered into the contract with Housecraft," and the court dismissed his complaint with prejudice.

Mazza subsequently filed a motion for leave to amend his complaint because "the recent discovery of latent defects toll[ed] the running of the Statute of Limitations and defeat[ed] any claim of *res judicata* ...." Alternatively, he sought to appeal the prior judgment because it was "void or voidable for vagueness" and deprived him of due process. The trial court denied Mazza's motion because "nothing in [Mazza's] motion for leave to file an amended complaint, or alternatively, to appeal prior judgment cause[d] the Court to set aside the dismissal entered on July 24, 2009." This appeal followed.[2]

## II.

### A.

■■■ We review the trial court's decision to grant a Rule 12(b)(6) motion *de novo*. *In re Estate of Curseen*, 890 A.2d 191, 193 (D.C.2006). The complaint must be construed in the light most favorable to the plaintiff by "tak[ing] the facts alleged in the complaint as true...." *Solers, Inc. v. Doe*, 977 A.2d 941, 947 (D.C.2009) (quoting *In re Estate of Curseen, supra*, 890 A.2d at 194) (internal quotation marks

omitted). "The only issue on review of a dismissal made pursuant to Rule 12(b)(6) is the legal sufficiency of the complaint; and a complaint should not be dismissed because a court does not believe that a plaintiff will prevail on [his] claim." *Grayson v. AT & T Corp.*, 15 A.3d 219, 228–29 (D.C.2011) (en banc) (alteration in original) (quoting *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 316 (D.C.2008)) (internal quotation marks omitted).

■■■ The Supreme Court has recently articulated two prongs in determining whether a complaint is sufficient to survive a motion to dismiss: whether the complaint includes well-pleaded factual allegations as an initial matter, and whether such allegations plausibly give rise to an entitlement for relief. In *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court elaborated on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Iqbal*, the Court noted that as an initial matter, Fed.R.Civ.P. 8(a) "does not require 'detailed factual allegations [in a pleading],' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S.Ct. at 1949 (quoting *Twombly, supra*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). The Court further noted:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled

**2.** Mazza claims that he "was instructed by the Clerk of the Court that he would need to initiate a new case to obtain a [p]reliminary [i]njunction" to stay the execution of the writ of *fieri facias* on his property. As such, he filed a motion for a preliminary injunction, as well as a motion for a temporary restraining order, on the same day that he filed his complaint. The trial court denied the motion for a temporary restraining order because Mazza failed to establish a likelihood that he would prevail on the merits. The trial court subsequently denied the preliminary injunction. When Mazza filed his notice of appeal, he also filed a motion to stay the execution of the writ of *fieri facias* pending his appeal. The trial court issued an order directing Mazza to deposit $30,000 in escrow as a condition of granting his motion, with which Mazza complied. Thus, the trial court stayed the execution of the writ of *fieri facias* pending his appeal.

to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.[3]

 While only the first prong is relevant to our analysis here, we hold that both requirements apply in our jurisdiction. We have not heretofore expressly adopted both of the requirements articulated in *Twombly* and *Iqbal. See Grayson, supra,* 15 A.3d at 229 n. 16 (noting that we have not yet decided whether to follow the plausibility standard); *Duk Hea Oh v. Nat. Capital Revitalization Corp.,* 7 A.3d 997, 1005 n. 10 (D.C.2010) (noting that we have "not definitively decided whether to adopt" the plausibility standard, "much less whether to apply the standard to affirmative defenses"); *Solers, supra,* 977 A.2d at 948 (analyzing the complaint under Super. Ct. Civ. R. 8(a), while not needing to decide whether to follow the plausibility

standard). However, we take this opportunity to recognize that *Twombly* and *Iqbal* apply in our jurisdiction. Our Super. Ct. Civ. R. 8(a) mirrors its federal counterpart, Fed.R.Civ.P. 8(a), and because the Superior Court has not "prescribe[d] or adopt[ed] rules" to modify Fed.R.Civ.P. 8(a), we must continue to follow it through Super. Ct. Civ. R. 8(a). *See* D.C.Code § 11–946 (2001). "We construe rules that are substantially identical to the corresponding federal rule in light of the meaning given to the federal rule." *Behradrezaee v. Dashtara,* 910 A.2d 349, 356 n. 8 (D.C.2006). Because the Court has interpreted Fed.R.Civ.P. 8(a) to require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal, supra,* 129 S.Ct. at 1949, with well-pleaded factual allegations, we apply the same construction to Super. Ct. Civ. R. 8(a).[4] Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal, supra,* 129 S.Ct. at 1950.

 The doctrine of *res judicata* applies "[w]hen the parties are the same, and

---

**3.** In *Twombly,* an antitrust case, the Supreme Court held that a complaint had to allege "enough facts to state a claim to relief that is plausible on its face" to be sufficient. 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929. The Court noted that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. Thus, the Court overruled the standard for pleadings previously enunciated in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In *Conley,* the Court set forth the pleading standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80. In *Iqbal,* the Court clarified that the facial plausibility standard first articulated in *Twombly* "expounded the pleading standard for '*all* civ-

il actions'" in federal district courts. 129 S.Ct. at 1953 (emphasis added) (citation omitted).

**4.** Indeed, our recent cases indicate that we have been moving in the direction of adopting the well-pleaded factual allegations requirement as a means of construing Super. Ct. Civ. R. 8(a). For example, in *Solers,* we looked to Super. Ct. Civ. R. 8(a) to determine whether the appellant had "set[ ] forth the minimum requirements for pleading a claim for relief." 977 A.2d at 948 (quoting *Bolton v. Bernabei & Katz, PLLC,* 954 A.2d 953, 963 (D.C.2008)) (internal quotation marks omitted). Thus, we said that "[a]ll that is required when we consider the sufficiency of the pleading is a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quoting *Bolton, supra,* 954 A.2d at 963) (internal quotation marks omitted).

the essence of the claim and the evidence necessary to establish it are the same...." *Henderson v. Snider Bros., Inc.*, 439 A.2d 481, 484 (D.C.1981). Thus, "when a valid final judgment has been entered on the merits, the parties or those in privity with them are barred, in a subsequent proceeding, from relitigating the same claim or any claim that *might have been raised in the first proceeding.*" *Washington Med. Ctr. v. Holle*, 573 A.2d 1269, 1280–81 (D.C. 1990) (emphasis added). "[T]he final judgment embodies all of a party's rights arising out of the transaction involved, and a party will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior action." *Stutsman v. Kaiser Found. Health Plan of the Mid–Atlantic States, Inc.*, 546 A.2d 367, 370 (D.C.1988).

Here, we focus on the first prong of *Twombly* and *Iqbal*, whether the complaint included well-pleaded factual allegations as an initial matter.[5] In dismissing Mazza's complaint, the trial court found that *res judicata* attached, and thus, there was no claim stated upon which relief could be granted. Mazza contends that *res judicata* did not apply to his complaint because his previous arguments to the trial court regarding the mechanic's lien were related to "issues emanating from express statutory errors in the procedural execution of the mechanic's lien" by Housecraft. Mazza further argues that he raised new claims based on the "post-judgment event" of the execution of the writ of *fieri facias* such that *res judicata* did not attach to his complaint. Even in construing the complaint in the light most favorable to Mazza,

we still find these arguments to be unpersuasive. *See Solers, supra*, 977 A.2d at 947. In his complaint, Mazza argued that only his wife was a party to the contract, and thus, the writ of *fieri facias* was erroneously executed on property titled in his name alone to enforce the mechanic's lien stemming from the contract. However, as Mazza concedes on appeal, he contested the mechanic's lien in the previous case. After the trial, the court entered a final judgment on the merits in favor of Housecraft, which encompassed the mechanic's lien that Housecraft filed. Although it is true that Mazza did not sign the contract, he failed to raise this argument before the trial court as a defense to the validity and enforcement of the mechanic's lien. As such, Mazza was barred from using his complaint to seek relief on the basis of this new defense, which he could have raised before the trial court. *See Shin v. Portals Confederation Corp.*, 728 A.2d 615, 619 (D.C.1999) (holding that *res judicata* barred the appellant's claim for fraudulent misrepresentation because "it could and should have been offered as a defense in the [previous] landlord-tenant case," as it "arose out of the same contract and surrounding negotiations...."); *Tutt v. Doby*, 265 A.2d 304, 305 (D.C.1970) (holding that *res judicata* barred the appellant's defense and counterclaim to the appellee's claim for rent because the validity of the lease had already been litigated in a previous suit). In addition, although the execution of the writ of *fieri facias* was technically a "post-judgment event," Mazza did not raise any new claims arising out of the writ because he relied only on the facts from

---

5. While we focus on the first prong of well-pleaded factual allegations articulated in *Twombly* and *Iqbal* and thus do not need to reach the second prong of plausibility, we note that Mazza's claim would not have met the second prong because it did not provide "ample 'factual content that [would have] al-

low[ed] the court [accepting the allegations as true] to draw the reasonable inference that the defendant [wa]s liable for the misconduct alleged.'" *Solers, supra*, 977 A.2d at 948 n. 5 (alteration in original) (quoting *Iqbal, supra*, 129 S.Ct. at 1949).

the previous case. *See Stutsman, supra*, 546 A.2d at 370 ("It is the factual nucleus, not the theory upon which a plaintiff relies, which operates to constitute the cause of action for claim preclusion purposes."). Thus, the trial court did not err in granting the motion to dismiss, because there was no claim stated upon which relief could be granted in the complaint.[6]

## B.

▆▆▆▆ We now turn to whether the trial court abused its discretion by denying Mazza's motion for leave to amend his complaint or appeal the prior judgment. "We review a trial court's decision to grant or deny leave to amend [a pleading] for abuse of discretion." *Sherman v. Adoption Ctr. of Washington, Inc.*, 741 A.2d 1031, 1037 (D.C.1999). We maintain that the court has "'wide discretion' in such matters." *Id.* (quoting *Blake Constr. Co. v. Alliance Plumbing & Heating Co.*, 388 A.2d 1217, 1220 (D.C.1978)). "In the absence of manifest error, amounting to an abuse of that discretion, the decision of the trial court to grant or deny such motion is not reviewable on appeal." *Id.* (quoting *Vasaio v. Campitelli*, 222 A.2d 710, 711 (D.C.1966)) (internal quotation marks omitted). Furthermore, the trial court is not required to automatically grant amendments. *Id.* at 1037–38; *see also Eagle Wine & Liquor Co. v. Silverberg Elec. Co.*, 402 A.2d 31, 34 (D.C.1979) ("A refusal to allow an amendment is to be upheld if predicated on some valid ground."). Accordingly, in exercising its discretion, the trial court may consider various factors, including whether the claims contained within the amended pleading are meritorious. *Pannell v. District of Columbia*, 829 A.2d 474, 477 (D.C.2003); *see also Nat'l Ass'n of Postmasters of the U.S. v. Hyatt Regency Washington*, 894 A.2d 471, 477–78 (D.C.2006).

In the present case, the trial court's decision to deny Mazza's motion for leave to amend his complaint was not so manifestly erroneous as to constitute an abuse of discretion. Mazza offers two reasons in support of his argument that the trial court abused its discretion. First, he argues that he raised a "collateral, but new issue" when he included "a newly discovered claim for latent defects, based upon facts and circumstances which came to be known post-judgment [to the previous case]," thereby defeating the grounds of *res judicata* that the court relied upon in dismissing the complaint. Second, he argues that he was entitled to equitable relief because Housecraft's "perjurious testimony" prevented him from "mounting a valid defense" and thus amounted to fraud. However, because Mazza was attempting to attack the judgment entered in the previous case, the proper avenue for Mazza to seek relief based on these allegations would have been to file a Rule 60(b) motion for relief from judgment to introduce newly discovered evidence or to assert fraud *within one year* of the entry of judgment, which he failed to do. *See* Super. Ct. Civ. R. 60(b)(2)-(3). Although "Rule 60(b) preserves as a last resort the possibility that a court may entertain an independent action [at equity] to relieve a

---

6. Mazza argued in his complaint that D.C.Code § 15–501 precluded the writ of *fieri facias* from being executed to enforce the mechanic's lien against his property because the property of "the head of a family or householder ... is free and exempt from attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia...." D.C.Code § 15–501(a) (2007 Supp.). However, the statute indicates that the exemptions do not include "debt instruments on real property: deed of trust, mortgage, mechanic's lien, or tax lien." D.C.Code § 15–501(a)(14). Thus, § 15–501 does not apply to the mechanic's lien in dispute.

party from a judgment," such an action is available "only to prevent a grave miscarriage of justice." *See Olivarius v. Stanley J. Sarnoff Endowment for Cardiovascular Sci., Inc.,* 858 A.2d 457, 466 (D.C.2004) (internal quotation marks and citations omitted). Mazza did not offer to the trial court any claims as to why equitable relief was required to prevent a grave miscarriage of justice due to Housecraft's alleged perjury, nor does he do so on appeal. Furthermore, we have noted that "even when perjury has been committed, there is no fraud on the court as that term is used in Rule 60(b)." *P'ship Placements, Inc. v. Landmark Ins. Co.,* 722 A.2d 837, 845 (D.C.1998). Thus, on this record, we cannot say that the trial court abused its discretion by denying Mazza's motion for leave to amend his complaint on the merits.[7]

In the alternative, Mazza argues that the court abused its discretion because he should have been able to "appeal the decision in [the previous case] as the prior judgment may [have] fail[ed] in its entirety, as it could [have been] void or voidable for vagueness." In support of this argument, Mazza alleges that the judgment entered on February 4, 2008 was not final because the clarifying order issued on April 1, 2008 demonstrated that "issues remained pending resolution." Mazza further argues that the time to appeal prior judgment had not elapsed because he asserted a new claim for latent defects within the time frame allowed under the statute of repose. Specifically, he argues that "[u]nder the District of Columbia's statute of repose, actions for damages caused by defective improvements to real property must be brought within 10 years from substantial completion." However, Mazza's appeal was time barred. The February 4, 2008 order was final because the court resolved all of the parties' rights with respect to the underlying transaction when it entered judgment in favor of Housecraft. *See Stutsman, supra,* 546 A.2d at 370. As such, Mazza should have timely filed his appeal within thirty days after the February 4, 2008 order. *See* D.C.App. R. 4(a)(1). Furthermore, the statute of repose only applies to actions arising out of death or injury caused by defective or unsafe improvements to real property. *See* D.C.Code § 12–310 (2001). Mazza has not made any of those allegations and, therefore, the statute of repose does not apply. Thus, the trial court did not abuse its discretion by denying Mazza's motion to appeal the prior judgment.[8]

Because Mazza's appeal was time barred, he should have filed a Rule 60(b)(4) motion for relief from judgment in order to attack the judgment as void. *See Threatt v. Winston,* 907 A.2d 780, 783 (D.C.2006). However, Mazza did not file such a motion, and instead uses his motion for leave to amend his complaint or appeal the prior judgment as a vehicle to assert that the judgment was void. Even if we were to construe Mazza's motion as a Rule 60(b)(4) motion, a judgment is void "only if

---

7. Furthermore, the trial court did not abuse its discretion by considering the timing of Mazza's motion because it had already granted Housecraft's motion to dismiss *before* Mazza filed his motion for leave to amend his complaint. *See Molovinsky v. Monterey Coop., Inc.,* 689 A.2d 531, 534 (D.C.1996) ("The timing of the motion, filed only after defeat seemed imminent, was suggestive of an unacceptable dilatory approach.").

8. Alternatively, Mazza argues that he was appealing the trial court's dismissal of his complaint. However, in his motion for leave to amend his complaint or appeal the prior judgment, he repeatedly stated that he was appealing the decision rendered in the previous case.

the court that entered it had no jurisdiction over the parties or the subject matter" or "if the court's action was otherwise so arbitrary as to violate due process of law." *Kammerman v. Kammerman*, 543 A.2d 794, 799 (D.C.1988) (citations omitted). Mazza does not assert that the court lacked jurisdiction over the parties or the subject matter, but instead asserts that the judgment was void because it deprived him of due process. In support of this argument, Mazza claims that he did not have actual or constructive notice of the April 1, 2008 order, which clarified the rate of interest. Thus, he contends that he was deprived of the opportunity to "address the substantive issues of the date from and rate of calculation of interest." However, Mazza does not argue that he did not have actual or constructive notice of the February 4, 2008 order or the interest rate specified in the contract. Although the trial court did not specify the exact interest rate that it required Mazza to pay in the February 4, 2008 order, the court awarded pre-judgment interest to Housecraft in the order, and the parties agreed upon the interest rate in the contract.[9] Thus, Mazza was on notice that he had to pay interest at a rate specified in the

contract as of the February 4, 2008 order. In any event, the awarding of pre-judgment interest is within the broad discretion of the court regardless of whether a contractual basis existed. *See House of Wines, Inc. v. Sumter*, 510 A.2d 492, 499 (D.C.1986).[10] Thus, we cannot say that the trial court abused its discretion in denying Mazza's motion.

For the reasons stated above, the trial court did not err by dismissing Mazza's complaint on *res judicata* grounds. In affirming the trial court on this issue, we hold that the requirements articulated in *Twombly* and *Iqbal* for a complaint to survive a motion to dismiss apply in our jurisdiction. Further, the trial court did not abuse its discretion by denying Mazza's motion for leave to amend his complaint or appeal the prior judgment. Accordingly, we affirm the trial court's decision.

*So ordered.*

9. Although the contract did not use the language of "pre-judgment interest," it stated that a 1.5 percent "service charge" would apply to "all delinquent accounts over 30 days plus attorney's fee and cost of collection to be included in any judgment." We have noted that "[i]nterest accrues on 'the principal debt from the time when it was due and payable,' at the rate fixed by the contract, if any." *Allen v. Yates*, 870 A.2d 39, 51 (D.C.2005) (quoting D.C.Code § 15–108 (2001)).

10. Mazza also argues that the pre-judgment interest could not be enforced against him because Housecraft's previous claim for damages was "unliquidated" and thus was "unclear." However, the amount of Housecraft's claim for damages was liquidated and clear. *See Allen, supra* note 9, 870 A.2d at 51 ("A debt is liquidated if its amount was readily ascertainable at the time it arose."). In the

trial court's order dated February 4, 2008, the trial court introduced Housecraft's prayer for relief of $36,757.76, plus the additional contracted pre-judgment interest rate of 1.5 percent, which was to start accruing on July 1, 2005. The order concluded by awarding Housecraft a compromised amount of "$21,757.76 plus interest." Mazza further argues that the pre-judgment interest cannot be enforced against him because it "equates to a penalty and forfeiture." However, "pre-judgment interest must be awarded if the underlying debt is liquidated and if such interest is 'payable by contract or by law or usage.' " *Allen, supra* note 9, 870 A.2d at 51 (quoting D.C.Code § 15–108). Here, because the underlying debt was liquidated and the interest was payable by contract, pre-judgment interest was properly awarded.